DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Michael Hammerberg, was convicted of attempted rape, a violation of R.C. 2907.02(A)(2) and R.C. 2923.02.
The alleged rape occurred on May 19, 1990 when appellant attacked a woman in her car while it was parked in a restaurant parking lot. On May 31, 1990, the Lucas County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02. An information was also filed against appellant for one count of felonious assault in connection to the rape charge. Appellant initially entered a plea of not guilty to the rape charge. However, pursuant to a plea agreement, appellant entered a guilty plea to attempted rape and a guilty plea to felonious assault on July 9, 1990. Appellant also pled guilty to a charge of robbery stemming from an unrelated incident.
Appellant was sentenced to two concurrent terms of not less than eight nor more than fifteen years of incarceration, one for attempted rape and one for felonious assault. Appellant was also sentenced to a term of not less than six nor more than fifteen years for robbery, to be served consecutively to the other terms. Appellant has remained incarcerated since the time of his sentencing.
On May 15, 2001, the Ohio Department of Rehabilitation and Corrections recommended that appellant be adjudicated a sexual predator. In preparation for hearing, appellant was referred for an evaluation by the Court Diagnostic and Treatment Center.
At appellant's hearing on July 26, 2001, both appellant and appellee, the state of Ohio, stipulated to the report and recommendation of Dr. Lucia Hinojosa, Ph.D., who evaluated appellant. Although Hinojosa's report recommended that appellant be classified a sexually oriented offender, rather than a sexual predator, her report and testimony indicated that appellant was at high risk for violent recidivism, which may take the form of a sexual offense if such a situation presented itself. Following the hearing, the trial court adjudicated appellant a sexual predator.
Appellant filed his notice of appeal to this court August 29, 2001, and requests that we consider this sole assignment of error:
 "THE TRIAL COURT'S DETERMINATION THAT DEFENDANT-APPELLANT IS A SEXUAL PREDATOR IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
A sexual predator is someone who has been convicted of or pleads guilty to a sexually oriented offense, which includes attempted rape, and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(D)(1)(a) and (g); R.C. 2950.01(E)(1). The standard for determining whether an offender is a sexual predator is by clear and convincing evidence. R.C. 2950.09(B)(4); State v. Cook (1998),83 Ohio St.3d 404, 423-424. Clear and convincing evidence is that degree of proof which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
In this case, appellant argues that he should not have been classified as a sexual predator because Hinojosa's report concluded that appellant should be termed a sexually oriented offender rather than a sexual predator. However, Hinojosa testified that it was her professional opinion that appellant will commit another sexual offense when he is released from prison. She explained that the reason she did not recommend that appellant be termed a sexual predator was because the results of his "Static 99" test, a psychological tool for determining recidivism of sexual offenses, fell below that of a sexual predator. Hinojosa testified that if appellant had one additional sex offense in his history, he would have scored a six on the test, thereby allowing her to classify him as a sexual predator. Hinojosa explained that she did not count appellant's prior conviction for solicitation of sodomy as a sex offense.
In addition, Hinojosa presented testimony that appellant scored in the 99th percentile on the Hare Psychopathy Checklist, meaning that appellant is more psychopathic than 99 percent of the population. According to Hinojosa's report, "[r]esearch into sexual offense and violent recidivism is consistently displaying that individuals who are deemed to have significant psychopathic personality factors are at greater risk for re-offense."
Hinojosa also presented testimony that appellant scored a "Category 8" on the Violence Risk Appraisal Guide ("VRAG"), a diagnostic tool used to predict recidivism in violent offenders. That score indicated that appellant has between a 76 percent and an 82 percent chance of reoffending once he is released from prison.
We note that the evidence Hinojosa presented to the trial court, through her testimony as well as her report, was only one of many factors the court must consider in making a sexual predator determination. Pursuant to the version of R.C. 2950.09(B)(2) in effect at the time of appellant's sentencing[1], the trial court was required to consider the following non-exhaustive list of factors:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual contest was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In the case before us, the trial court examined all ten of these factors in rendering its determination, in addition to the evidence Hinojosa presented. We find that clear and convincing evidence was offered to show that appellant's age, his lengthy criminal record, and the fact that while incarcerated, appellant had refused to participate in one available program for sex offenders and was terminated from another program due to drug use, established that he should be designated a sexual predator. Clear and convincing evidence existed as to other factors, as well, including the cruelty appellant displayed by violently beating the victim unconscious before raping her, and his statement to a witness prior to the attack that he was going to "go fuck some bitches."
Based on the foregoing, we find that the trial court's determination that appellant be adjudicated a sexual predator is supported by clear and convincing evidence. Therefore, appellant's sole assignment of error is found not well-taken. On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] {a} The list of items contained within the former R.C. 2950.09(B)(2) is, as of January 1, 2002, contained within R.C. 2950.09(B)(3).